FILED'08 AUG 05 14:57 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL GOFF,

Plaintiff,

v.

MARGARET SPELLINGS, Secretary,
United States Department of Education,

Defendant.

Case CV 07-3091-CL

**ORDER**

CLARKE, Magistrate Judge.

This is an action brought by a pro se plaintiff. Defendant has filed a motion to dismiss in which she seeks dismissal of plaintiff's case. The Court has converted defendant's motion into a motion for summary judgment and the motion will be analyzed as provided in Federal Rule of Civil Procedure 56. The parties have been allowed time to file additional materials as to plaintiff's claims. **If defendant's motion is granted, it will result in dismissal of plaintiff's case against defendant.** Although it is not required, the Court is issuing this order to inform plaintiff of the requirements of Federal Rule of Civil Procedure Rule 56 and Local Rule

56, which govern motions for summary judgment.[1] Although Local Rule 56 requires the parties to file a "Concise Statement of Material Fact" in support of their position, the Court is waiving that requirement in this case, since defendant has already submitted evidence in support of her motion.

Defendant is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Defendant bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, and other evidence which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

If defendant meets her initial burden of showing the absence of a material and triable issue of fact, the burden then moves to plaintiff, who must present significant probative evidence tending to support his claims. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). Plaintiff must do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). He must come forward with sufficient evidence demonstrating to the court that there are genuine issues of

---

[1] A copy of Local Rule 56 is enclosed with this Order. On the Court's website, www.ord.uscourts.gov, the Court's Local Rules can be accessed by clicking on the link "Local Rules of Practice and Procedure," and the Federal Rules of Civil Procedure can be accessed by first clicking on the link "Federal Judicial Resources," and then by clicking on "Federal Rules of Civil Procedure."

Order - 2

material fact to be decided at trial. Fed. R. Civ. P. 56(e). Plaintiff may not simply rely upon the pleadings to designate specific facts establishing a genuine issue for trial. Fed. R. Civ. P. 56(e); see also Celotex Corp., 477 U.S. at 324. The existence of a genuine issue of material fact may be demonstrated through the use of affidavits, depositions, answers to interrogatories, admissions, or other admissible evidence. Celotex Corp., 477 U.S. at 324; see also Fed. R. Civ. P. 56(c)(e).

If plaintiff fails to respond with evidence that contradicts defendant's evidence creating a genuine issue of material fact, this failure could result in the entry of summary judgment against plaintiff. See Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979). If the record taken as a whole could not lead a rational trier of fact to find for plaintiff, there is no genuine issue for trial, and summary judgment will be entered in favor of defendant; there will be no trial as to those claims. Matsushita, 475 U.S. at 587 (citing First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968)); see Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).

As ordered, plaintiff shall have until August 20, 2008, to submit materials and file a response to defendant's motion in accordance with the requirements of Federal Rule of Civil Procedure 56. Thereafter, defendant shall file her reply to plaintiff's response. Further briefing by the parties is not allowed, unless the party receives permission from the Court.

//

//

Order - 3

DATED this \_\_\_4\_\_\_ day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

Order - 4

---

# U.S. District Court

# District of Oregon

# Local Rules of Civil Practice

**Effective June 1, 2006**

---

## LR 56 SUMMARY JUDGMENT (*See* Fed. R. Civ. P. 56)

### LR 56.1 Motion for Summary Judgment (*See* Fed. R. Civ. P. 56)

**(a) Motion Requirements**

A motion for summary judgment must be accompanied by the following two separately filed documents:

**(1) Memorandum in Support:** The supporting memorandum must address applicable law and explain why there are no genuine issues of material fact to be tried.

**(2) Concise Statement of Material Facts:** A separately filed concise statement must articulate the undisputed relevant material facts that are essential for the Court to decide only the motion for summary judgment – not the entire case (*See* also LR 56.1(c) for formatting and citation instructions)

**(b) Opposition and Reply Requirements**

(1) Opposition to a motion for summary judgment must include a separately filed response to the separate concise statement that responds to each numbered paragraph of the moving party's facts by:

(A) Accepting or denying each fact contained in the moving party's concise statement; or

(B) Articulating opposition to the moving party's contention or interpretation of the undisputed material fact.

(2) After responding to the movant's numbered paragraphs, the responding party may then articulate other relevant material facts which are at issue or are otherwise necessary for the Court to determine the motion for summary judgment.

(3) In the same manner as set forth in LR 56.1(b)(1), the moving party shall reply to the responding party's additional facts.

**(c) Concise Statement:** (*See* Appendix of Forms #17).

(1) Facts shall be stated in separately numbered paragraphs. A party must cite to a particular affidavit, deposition, or other document (indicating both page and line number references where appropriate) supporting the party's statement, acceptance, or denial of the material fact.

(2) A party may reference only the material facts which are necessary for the Court to determine the limited issues presented in the motion for summary judgment and no others.

(3) Documents referenced in the separate concise statement shall not be filed in their entirety. Instead, the filing party must extract and highlight only the relevant portions of each referenced document. Photocopies of extracted pages, with appropriate identification and highlighting will be adequate.

**(d) Page Limitations**

Unless approved by the Court in advance, neither the concise statement nor any response or reply thereto, may be longer than five (5) pages. Statements in excess of that amount may be stricken by the Court with direction to counsel to further condense the statement.

**(e) Scope of Judicial Review**

Except as otherwise required by law, when resolving a motion for summary judgment, the Court has no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties.

**(f) Admission of Material Facts**

For purposes of a motion for summary judgment, material facts set forth in the concise statement of the moving party, or in the response to the moving party's concise statement, will be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party.

| AMENDMENT HISTORY TO LR 56 | |
|---|---|
| **JUNE 1, 2002** | |
| LR 56.1(a)(2) | Cross reference LR 56.1(c) – formatting and citation instructions to be included in the Concise Statement. |
| LR 56.1(b) | " and Reply..." added to caption. |
| LR 56.1(b)(2) | Last sentence added for clarification. |
| LR 56.1(c) | Requirement to include page number and line number (where appropriate) information to the Concise Statement. |
| LR 56.1(f) | "...or in the response..." added. |
| **JUNE 1, 2006** | |
| Generally | Appendix of Forms numbers updated. |
| LR 56.1(a) LR 56.1(b)(1) | The words "...separately filed.." added |
| LR 56.1(d) | The words "neither" and "nor any response or reply thereto" added<br>The word "not" stricken.<br>The word "stricken" substituted for "returned" |