# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL GOFF, | Case No. CV 07-3091-PA |
| Plaintiff, | |
| v. | ORDER FOR SUMMARY JUDGMENT |
| MARGARET SPELLINGS, Secretary, United States Department of Education, | |
| Defendant. | |

**PANNER, Senior United States District Judge.**

On July 21, 2008, defendant filed a Federal Rules of Civil Procedure 12(b)(6) Motion to Dismiss in which she sought dismissal of plaintiff's case. Defendant submitted extrinsic evidence in support of her argument that plaintiff fails to state a claim upon which relief can be granted. In accordance with FRCP 12(b), the Court converted defendant's motion into a motion for summary judgment under Federal Rules of Civil Procedure 56. On August 8, 2008, the Court issued an order to inform plaintiff of the requirements of Federal Rule of Civil Procedure Rule 56 and Local Rule 56, which govern motions for summary judgment and provided a copy of the Local Rule 56 with the Order along with instructions on how to access the Federal Rules of

1 - ORDER FOR SUMMARY JUDGMENT

Civil Procedure on the internet. The parties were allowed until September 5, 2008 to file additional materials as to plaintiff's claims. On August 11, 2008, plaintiff replied to defendant's Motion to Dismiss, but did not submit any evidence to support his claim.

Defendant is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Defendant bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, and other evidence which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Plaintiff alleged that the Department of Education holds an outstanding student loan in Plaintiff's name and has engaged in billing and collection activities to collect payments on that loan. On the cover page of plaintiff's complaint he supplied his social security number. On February 26, 2008, the Court ordered the Department of Education to answer plaintiff's complaint. Defendant worked with the Department of Education to locate evidence of the loan alleged by plaintiff under the social security number on plaintiff's complaint. The Department of Education researched plaintiff's name, and social security number on electronic records maintained in Education's Debt Management and Collection System (DMCS), a computer database which contains pertinent information on all defaulted student loan accounts held by Education and serviced by Borrower Services-Collections Group. See Declaration of S. Dawn Scaniffe, General Attorney, Department of Education (Exhibit 1). The Department of Education also researched plaintiff's name and social security number on the National Student Loan

2 - ORDER FOR SUMMARY JUDGMENT

Database System (NSLDS). Id.   The research revealed there are no records for the social security number listed on the complaint by Mr. Goff on either the NSLDS or the DMCS systems.  Further a name search on both systems using the social security number provided by plaintiff resulted in no matches.  Plaintiff provided a second social security number to defendant, different from that written on the complaint.  See Exhibit 4 at 1 of Defendant's Memorandum in Support of Motion to Dismiss.  The second social security number did not correspond to the name of plaintiff.

If defendant meets her initial burden of showing the absence of a material and triable issue of fact, the burden then moves to plaintiff, who must present significant probative evidence tending to support his claims. Intel Corp. v. Hartford Accident & Indem. Co., 952 F. 2d 1551, 1558 (9th Cir. 1991).  Plaintiff must do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  He must come forward with sufficient evidence demonstrating to the court that there are genuine issues of material fact to be decided at trial.  Fed. R. Civ. P. 56(e).  Plaintiff may not simply rely upon the pleadings to designate specific facts establishing a genuine issue for trial. Fed. R. Civ. P. 56(e); see also Celotex Corp., 477 U.S. at 324.  The existence of a genuine issue of material fact may be demonstrated through the use of affidavit, depositions, answers to interrogatories, admissions, or other admissible evidence. Celotex Corp., 477 U.S. at 324; see also Fed. R. Civ. P. 56(c)(e).

Plaintiff is proceeding pro se.  Plaintiff failed to respond with evidence that contradicts defendant's evidence even though plaintiff was provided with clear instructions on how to proceed with his claim.  Plaintiff did not provide account numbers, loan statements, copies of correspondence, or any documentation evidencing the loan that forms the basis of his complaint.

3 - ORDER FOR SUMMARY JUDGMENT

Since plaintiff provided no evidence, let alone sufficient evidence, demonstrating to the court that there are genuine issues of material fact to be decided at trial, the Court must enter summary judgment against plaintiff. The record taken as a whole does not lead the Court to find for plaintiff as there is no genuine issue for trial. The Court grants Defendant's Motion for Summary Judgment.

IT IS ORDERED

DATED this _____ day of October, 2008

                                                Owen M. Panner
                                                Senior United States District Judge

4 - ORDER FOR SUMMARY JUDGMENT